# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY JOHN CARACCI, | Case No. CV 16-0047-JEM |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CYNTHIA TAMPKINS, | |
| Respondent. | |

## INTRODUCTION

On December 16, 2015, Tony John Caracci ("Petitioner"), a California state prisoner, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").[1] On February 8, 2016, Respondent filed a Motion

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276 (1988). The "[mailbox] rule applies to prisoner filing habeas petitions in both federal and state courts." Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the day the petition was signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."). Unless indicated otherwise, regardless of whether Petitioner's habeas corpus petitions were filed within the limitations period, see Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the "mailbox rule" a petitioner must deliver the petition to prison officials within the limitations period), the Court will afford Petitioner the benefit of the mailbox rule.

to Dismiss the Petition as untimely. On April 5, 2016, Petitioner filed an Opposition. Respondent did not file a Reply. The Motion to Dismiss is now ready for decision.

For the reasons set forth below, the Motion to Dismiss should be granted.

## PROCEDURAL HISTORY

On September 9, 2011, a jury in Los Angeles County Superior Court ("LASC") case number NA089085 convicted Petitioner of two counts of first degree residential burglary (Cal. Penal Code § 459) and receiving stolen property (Cal. Penal Code § 496(a)). It was also determined that a prior strike conviction allegation (Cal. Penal Code §§ 667(b)-(I), 1170.12(a)-(d)), a prior serious felony conviction allegation (Cal. Penal Code § 667(a)(1)), and a prior prison term allegation (Cal. Penal Code § 667.5(b)) were true. On September 28, 2011, Petitioner was sentenced to a total term of eighteen years and four months in state prison. (Respondent's Lodged Document ("LD") 1.)

On January 3, 2013, the California Court of Appeal ("CCA") on direct review modified Petitioner's fines and fees, but otherwise affirmed the judgment. (LD 2.) Contrary to Petitioner's claim (see Pet. at 3), it appears that Petitioner did not file a petition for review in the California Supreme Court. (See http://appellatecases.courtinfo.ca.gov.)

On October 15, 2013, Petitioner constructively filed a habeas corpus petition in this Court. Caracci v. Habeas Corpus, Case No. CV 13-8224-JEM, Doc. 1 (C.D. Cal. Mar. 28, 2014).[2] On January 21, 2014, Respondent moved to dismiss the petition on exhaustion grounds. (Id., Doc. 14.) On March 28, 2014, the petition was dismissed without prejudice. (Id., Docs. 19 & 20.)

Meanwhile, on October 29, 2013, Petitioner filed a habeas petition in the LASC. (See LD 3 at 11.) On November 4, 2013, the court denied the petition for failing to establish a prima facie case. (See LD 3 at 11; see also LD 4 at 12-13.)

---

[2] The Court takes judicial notice of the records in Caracci v. Habeas Corpus, Case No. CV 13-8224-JEM. See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

On December 17, 2013, Petitioner constructively filed a habeas petition in the CCA. (LD 4 at 8.) On January 23, 2014, the court denied the petition for failing to state facts or provide evidence sufficient to demonstrate entitlement for relief. (LD 5.)

On October 15, 2014, Petitioner constructively filed a habeas petition in the California Supreme Court, case number S221994. (LD 7 at 8.) On December 17, 2014, the court summarily denied the petition. (See LD 8.)

On January 27, 2014, Petitioner filed a petition for resentencing pursuant to Proposition 47. (See LD 3 at 12.) On March 17, 2015, pursuant to Cal. Penal Code § 1170.18(b), his petition was granted and the LASC recalled and set aside the felony sentence on count 3 (receiving stolen property) and imposed a misdemeanor sentence. (See LD 3 at 13.)

Petitioner constructively filed the instant Petition on December 16, 2015.[3]

## PETITIONER'S CLAIMS

1. The evidence was insufficient to support the convictions for first degree residential burglary. (Pet. at 5-13.)

2. Petitioner's trial counsel was ineffective for failing to argue certain facts to the jury and for failing to have Petitioner testify on his own behalf. (Pet. at 5, 14-40.)

3. The trial court erred when it refused to strike Petitioner's prior strike conviction at sentencing. (Pet. at 5, 41-49.)

4. Petitioner's sentence should be modified. (Pet. at 41, 48-49.)

## DISCUSSION

I.  **The Applicable Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." Wall v. Kholi, 131 S. Ct. 1278, 1283 (2011); Lawrence v. Florida, 549 U.S. 327, 329 (2007); 28 U.S.C. § 2244(d)(1). After the one-year limitations period expires, the

---

[3] The Court will refer to the Petition's page numbers generated by the Court's ECF system.

prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002).

To determine whether the pending action is timely, it is necessary to determine when AEDPA's limitations period began and ended. Pursuant to 28 U.S.C. § 2244(d)(1)(A)-(D), AEDPA's limitations period begins to run from the latest of: (A) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; (B) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (C) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

A habeas corpus claim can "be timely, even if filed after the one-year time period has expired, when statutory or equitable tolling applies." Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). However, "a court must first determine whether a [claim] was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied. As a matter of logic, where a [claim] is timely filed within the one-year statute of limitation imposed by AEDPA, 28 U.S.C. § 2244(d)(1), then equitable [or statutory] tolling need not be applied. Similarly, equitable tolling need not be applied where a [claim] is timely due to statutory tolling under § 2244(d)(2)." Id. Following this framework, the Court begins its analysis with the relevant timeliness inquiry.

## II. The Petition Is Facially Untimely.

Under § 2244(d)(1)(A) of the AEDPA, "a federal petition for writ of habeas corpus . . . must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); 28 U.S.C. § 2244(d)(1)(A).

Here, the CCA issued a reasoned opinion on direct appeal affirming the judgment on January 13, 2013. Petitioner did not file a petition for review in the California Supreme Court. Thus, Petitioner's judgment became final on February 22, 2013, at the expiration of the time in which to file a petition for review, i.e., forty days after the Court of Appeal issued its opinion. See Cal. R. Ct. 8.500(e), former Cal. R. Ct. 28(e); Smith v. Duncan, 297 F.3d at 812; Wixom v. Washington, 264 F.3d 894, 898 (9th Cir. 2001). Moreover, Petitioner could not gain direct review on certiorari to the United States Supreme Court because he did not properly appeal to the California Supreme Court. See 28 U.S.C. §§ 1257, 2101(d); Sup. Ct. R. 13. Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations expired one year later, on February 22, 2014. There is nothing to indicate that 28 U.S.C. § 2244(d)(1)(B)-(D) would apply to trigger a later start to the limitations period.

The Petition was constructively filed on December 26, 2016, 663 days after the statute of limitations was set to expire. Therefore, the Petition is facially untimely.

### III.    The Petition Is Untimely Despite Statutory Tolling.

#### A.    Applicable Law

Section 2244(d)(2) tolls the statute of limitations for the time during which a properly filed application for postconviction or other collateral review is pending in state court. See also Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008). An application is "pending" until it has achieved final resolution through the state's postconviction procedures. Carey v. Saffold, 536 U.S. 214, 220 (2002). In California, a state habeas petition remains pending between a lower court's denial of the petition and the filing of a habeas petition raising the same general claims in a higher state court, as long as that interval is "reasonable." Evans v. Chavis, 546 U.S. 189, 191-92 (2006); see also Carey v. Saffold, 536 U.S. at 222-23. Periods of up to 60 days are generally presumptively reasonable. Cf. id. at 201 (holding unexplained six-month delay unreasonable compared to "short[er] periods of time," such as 30 to 60 days, "that most States provide for filing an appeal to the state supreme court" (citation and alteration omitted)). There is generally no tolling, however, between different rounds of state habeas petitions. See Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010)

5

("Only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled.").

There is no statutory tolling between the time a decision becomes final on direct state appeal and the filing of a state collateral challenge because no case is "pending" during that interval. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007). There is also no statutory tolling for a state court petition that is filed after the one-year limitations period already has expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after the AEDPA statute of limitations had expired "resulted in an absolute time bar").

The petitioner has the burden of demonstrating that the limitations period was sufficiently tolled. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

**B.      Analysis**

Petitioner's conviction became final on February 22, 2013. Petitioner filed a habeas petition in the LASC on October 29, 2013, 250 days after his conviction became final. Petitioner is not entitled to statutory tolling for this 250-day period because there was no case "pending" during this interval. See Thorson, 479 F.3d at 646.

The LASC petition was denied on November 4, 2013. (LD 3 at 11.) Petitioner is entitled to statutory tolling for the seven days that the petition was pending.[4] Forty-four days after the LASC denied the petition, Petitioner constructively filed a habeas petition in the CCA on December 17, 2013, which was denied on January 23, 2014. (LD 4 & 5.) Petitioner is entitled to gap tolling for the interval between the denial of his LASC habeas petition on November 4, 2013, and the constructive filing of his CCA habeas petition on

---

[4] Although Petitioner also had a federal habeas petition pending from October 15, 2013, until March 28, 2014, it did not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

December 17, 2013.  See Evans v. Chavis, 546 U.S. at 191-92, 201.  He is also entitled to tolling for the 38 days that the petition was pending in the CCA. § 2244(d)(2).

On October 15, 2014, 266 days after the CCA denial, Petitioner constructively filed a habeas petition in the California Supreme Court, which was denied on December 17, 2014.  (LD 7 & 8.)  Petitioner is not entitled to gap tolling for the time between the denial of his CCA habeas petition on January 23, 2014, and the constructive filing of his California Supreme Court habeas petition 266 days later, on October 15, 2014, as this delay was unreasonable.  As an initial matter, this delay far exceeds the 60-day deadline under California law for the filing of a notice of appeal in a criminal proceeding.  See Cal. R. Ct. 8.308(a); see also Evans v. Chavis, 546 U.S. at 191-92 (no "gap" tolling permitted where there was at least six months of unjustified delay between the CCA's denial of habeas relief and the filing of a habeas petition in the California Supreme Court, as unexplained delay of this length does not fall within the scope of the federal statutory term "pending," and discussing the deadlines typically imposed by most states with determinate time limits for filing a notice of appeal, "such as 30 or 60 days"); Velasquez v. Kirkland, 639 F.3d 964, 965, 968 (9th Cir. 2011) (stating that unjustified delays of more than 60 days in a state like California preclude gap tolling; rejecting statutory tolling for unjustified delays of 92 and 81 days); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (unjustified filing delays of 115 and 101 days "were substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions"); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010) (unjustified 146-day delay was unreasonable given "the short periods of time permitted by most states and envisioned by the Supreme Court"); Waldrip v. Hall, 548 F.3d 729, 734-37 (9th Cir. 2008) (unjustified delay of eight months between denial of habeas petition in trial court and filing of next petition in a higher court was "unreasonable" and not subject to gap tolling).

Moreover, Petitioner has failed to establish that this delay was justified.  Petitioner stated that his filing was delayed because he had done "research on citing cases" and that he had "listed supporting cases" for his claims in Grounds One and Two.  (LD 7 at 8; see also Opposition at 2.)  However, it is clear that Petitioner knew of factual and legal bases for

7

his claims almost nine months prior to filing his California Supreme Court habeas petition since that petition was identical to the CCA petition. (See LD 4 & 7.) Petitioner also states generally that the prison library was closed "for a while" (Opposition at 2), but he does not establish how that justified his delay. In these circumstances, Petitioner has failed to sufficiently explain the delay in filing his California Supreme Court habeas petition following the denial by the CCA.

Petitioner's unjustified filing delay of 266 days between the CCA denial and the filing in the California Supreme Court was not reasonable, and was far longer than the 30 to 60 day benchmark discussed by the Supreme Court in Evans. He is not entitled to gap tolling for this period. Thus, the statute of limitations (with 250 days already elapsed) ran unabated from January 23, 2014, until it expired 115 days later on May 18, 2014. The state habeas petition filed in the California Supreme Court on October 20, 2014, was filed after the limitations period expired on May 18, 2014, and did not toll the statute of limitations. See Ferguson, 321 F.3d at 823.

The instant Petition constructively filed December 16, 2015, was filed 578 days after the limitations period expired, and is untimely.

**IV.    Petitioner Is Not Entitled To Equitable Tolling.**

The AEDPA statute of limitations is subject to equitable tolling "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks and citation omitted); see also Lawrence, 549 U.S. at 336. "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959 (internal quotation marks and citations omitted).

"To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in [petitioner's] way suggests that an external force must cause the untimeliness, rather than . . . merely

oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks, brackets and citation omitted); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (internal quotation marks and citation omitted); accord Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010).

Here, Petitioner does not claim he is entitled to equitable tolling, and the record is devoid of any "extraordinary circumstances" that would support such a finding. His vague statement that the prison law library was closed "for a while" (Opposition at 2) is clearly insufficient to show that he was prevented from filing his Petition on time.

Accordingly, Petitioner is not entitled to equitable tolling.

* * *

As set forth above, the limitations period expired on May 18, 2014. The Petition was constructively filed on December 16, 2015, and is untimely.

**ORDER**

IT IS HEREBY ORDERED that (1) Respondent's Motion to Dismiss is granted, and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: April 29, 2016             /s/ John E. McDermott
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE